FILED
 2008 Nov-04 PM 01:06
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRACY THRASHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-01289-JEO |
| | ) |
| **AMERICAN INTERNATIONAL** | ) |
| **GROUP, INC.; NATIONAL UNION** | ) |
| **FIRE INSURANCE COMPANY OF** | ) |
| **PITTSBURGH, PA; AMERICAN** | ) |
| **INTERNATIONAL SPECIALTY LINES** | ) |
| **INSURANCE COMPANY; and ILLINOIS** | ) |
| **NATIONAL INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION

This cause comes to be heard on a "Motion Requesting that the Clerk Enter a Separate Document Pursuant to Rule 58," filed by the plaintiff, Tracy Thrasher. (Doc. 32). The court concludes that the motion is due to be denied.

**I.   BACKGROUND**

On September 29, 2008, the court entered a 38-page memorandum opinion setting forth the basis for the court's disposition of a number of then-pending motions in this action, including a motion filed by all defendants seeking judgment on the pleadings pursuant to Rule 12(c), FED. R. CIV. P., on all claims brought by the plaintiff. (*See* Doc. 29). The court contemporaneously entered a separate one-page document, signed by the undersigned, that is entitled, "**ORDER**," which states in full as follows:

> In accordance with the Memorandum Opinion entered contemporaneously herewith the plaintiff's motion for leave to file a supplemental memorandum (doc. 26) is **GRANTED**, the plaintiff's motion to strike (doc. 15) is **GRANTED IN**

**PART AND DENIED IN PART**, and the defendants' motion for judgment on the pleadings (doc. 8) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**."

(doc. 30) (emphasis original).  On October 29, 2008, the plaintiff filed a notice of appeal referencing said memorandum opinion and the separate order.  (*See* Doc. 31).

On October 30, 2008, the plaintiff filed her instant motion.  She points out that, under Rule 58(a), FED. R. CIV. P., "[e]very judgment ... must be set out in a separate document."  Based upon this requirement, she maintains that unless and until an additional separate document is entered by the clerk, a "'judgment' has not been entered triggering [the plaintiff's] right of appeal under Federal Rule of Appellate Procedure 4(a)."  (Doc. 32 at 2).  Thus, pursuant to Rule 58(d), FED. R. CIV. P., she "requests that the order entered by the Court on September 29, 2008, be set out in a separate document as required by Federal Rule of Civil Procedure 58(a) and Federal Rule of Civil Procedure 4(a)(7)(A)(ii)."  (*Id.* at 1).  Thus, the question now before the court is whether document 30 in the file, the "Order" entered by the court on October 29, 2008, dismissing the action, satisfies the "separate document" requirement of Rule 58(a), FED. R. CIV. P.

## II.  DISCUSSION

The "separate document" requirement was added to Rule 58 in 1963.  In this context, "separate document" means "separate from an opinion or memorandum of the court."  *State Nat'l Bank of El Paso v. United States*, 488 F.2d 890, 893 (5th Cir. 1974)[1] (quoting 6A Moore's Federal Practice ¶ 58.01 [1.-2] at 58-14).  The Advisory Committee's notes to the 1963 Amendment explain:

---

[1] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

> Hitherto some difficulty has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, *e.g.*, 'the plaintiff's motion [for summary judgment] is granted [.]'.... [W]here the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal.
>
> The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document-distinct from any opinion or memorandum-which provides the bases for the entry of judgment.

Rule 58, FED. R. CIV. P., Advisory Committee Notes, 1963 Amendment. In other words, the separate document requirement was "intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978) (per curiam); *see also Fogade v. ENB Revocable Trust,* 263 F.3d 1274, 1285-86 (11th Cir. 2001); *Kent v. Baker*, 815 F.2d 1395, 1397 (11th Cir. 1987)).

There is thus no question that Rule 58, FED. R. CIV. P., "requires district judges to enter their judgment in one document and opinions in another," *State Nat'l Bank of El Paso,* 488 F.2d at 892; *see also, e.g., Mallis*, 435 U.S. at 383 (separate-document requirement of Rule 58 not complied with where district court entered a "relatively lengthy" "combined opinion and order"); *Bank v. Pitt*, 928 F.2d 1108, 1111 (11th Cir. 1991) (combined "memorandum opinion and order dismissing the case" did not comply with the separate-document requirement of Rule 58); *Kent,* 815 F.2d at 1397 (order briefly setting forth the court's legal analysis and cited to a published opinion was not an appropriate judgment by separate document); *Furr's Cafeterias, Inc. v. N.L.R.B.*, 566 F.2d 505, 506 (5th Cir. 1978) (multi-page findings of fact and conclusions of law

3

concluding with an injunction stating that it was a "final order and judgment" was not a separate document under Rule 58). However, "[n]o particular form of words is required in a judgment [to satisfy Rule 58],'" *Pozzi v. Smith*, 171 F.R.D. 175, 178 (E.D. Pa. 1997) (quoting 11 Wright & Miller, *Federal Practice & Procedure,* § 2785 at 22 (2d ed. 1995)), and the Eleventh Circuit has not adopted a specific analysis regarding what content or other considerations determine whether a document will suffice as a separate "judgment" for purposes of the rule. Circuit precedent indicates that some minimal explanation or a citation to legal authority will not necessarily preclude a document from constituting a judgment under Rule 58. *See Weinberger v. United States*, 559 F.2d 401, 402 (5th Cir. 1977). Also, a document's denomination as an "order," rather than a "judgment," does not mean that it fails to satisfy the separate document requirement. *In re Cendant Corp. Securities Litigation*, 454 F.3d 235, 241 (3d Cir. 2006); *United States v. Johnson*, 254 F.3d 279, 285 n.7 (D.C. Cir. 2001); *see also, e.g., Weinberger,* 559 F.2d at 402 (document styled as an "order" found to comply with separate document requirement). Ultimately, the generally accepted view as to the minimum requirement for a judgment is that it must " 'be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion.' " *Local Union No. 1992 of Intern. Broth. of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 284-85 (3d Cir. 2004) (quoting James Wm. Moore et al., *Moore's Federal Practice* ¶ 58.05[4][a] (3d ed. 2003) (quoting *Otis v. City of Chicago,* 29 F.3d 1159, 1163 (7th Cir.1994))); *In re Taumoepaeu*, 523 F.3d 1213, 1217 n.4 (10th Cir. 2008) (likewise quoting this language).

All three criteria for a judgment under Rule 58 are clearly satisfied by the court's separate final "order" entered in this case as document 30 in the clerk's record. First, it is a "self-

contained document." *Okonite Co.*, 358 F.3d at 284-85.  Captioned as an "ORDER," the document has no page number, is signed, and is entered on the clerk's record as a distinct document from the contemporaneously entered "MEMORANDUM OPINION," document 29, which has page numbering and its own signature.  Second, the order "say[s] who has won and what relief has been awarded."  *Okonite Co.*, 358 F.3d at 284-85.  There is authority in this circuit indicating that a ruling which grants a motion for summary judgment by itself is not a proper judgment under Rule 58.  *See Calmaquip Eng'g West Hemisphere Corp. v. West Coast Carriers Ltd.*, 650 F.2d 633, 635 (5th Cir. Unit B July 1981); *Nunez v. Superior Oil Co.*, 535 F.2d 324 (5th Cir. 1976).  However, the court's order here not only states that the defendants' motion for judgment on the pleadings is "GRANTED," but also what relief is being awarded, or more accurately, being denied, by the order's express and unambiguous statement, "this action is DISMISSED WITH PREJUDICE."  (Doc. 30) (emphasis original).  *See Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 422 n.8 (7th Cir. 1998) ("A final judgment must set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief." (internal quotation marks and citation omitted)).  And third, the order "omit[s] the reasons for [the] disposition, which ... appear in the court's [memorandum] opinion."  *Okonite Co.*, 358 F.3d at 284-85.  Specifically, there is no legal reasoning nor any citation to authority whatsoever contained in the order in question.  Accordingly, the court concludes that the ordered entered in this case satisfies the separate document requirement of Rule 58(a) and that no additional document need be entered.  *See Weinberger*, 559 F.2d at 402; *Okonite Co.*, 358 F.3d at 285; *Kidd v. District of Columbia*, 206 F.3d 35, 39 (D.C. Cir. 2000).

**III.  CONCLUSION**

Based on the foregoing, the plaintiff's "Motion Requesting that the Clerk Enter a Separate Document Pursuant to Rule 58" (doc. 32) is due to be denied.  A separate order will be entered.

**DONE**, this the 4th day of November, 2008.

*John E. Ott*
_____
**JOHN E. OTT**
United States Magistrate Judge